UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELTON KNUCKLES,

    Petitioner,

v.

LLOYD RAPELJE,

    Respondent.
_____/

Civil No. 2:12-CV-12657
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Felton Knuckles, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for three counts of felonious assault, Mich. Comp. Laws § 750.82, unlawful imprisonment, Mich. Comp. Laws § 750.349b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, felony firearm, Mich. Comp. Laws § 750.227b, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner's conviction arises from an incident in which petitioner assaulted his cousin, his cousin's wife, and the couple's child at gunpoint because he had not received payment for work done at their home. Petitioner's cousin and child managed to escape but the cousin's wife was trapped with petitioner in the home for several hours until petitioner decided to escape. Petitioner was later arrested hiding in the rafters inside of a neighbor's

1

garage.

Petitioner represented himself in his pre-trial and trial proceedings. Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner was acquitted of seven other charges, including a kidnaping charge.

Petitioner's conviction was affirmed on appeal, although the case was remanded for re-sentencing. *People v. Knuckles,* No. 289886; 2010 WL 5093341 (Mich.Ct. App. December 14, 2010); *lv. den.* 489 Mich. 975, 798 N.W.2d 787 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The Michigan Court of Appeals [sic] determination deprived petitioner of his Sixth Amendment right to a public trial, when his family and the public was [sic] excluded from the court room, due to the trial court having a blanket policy of closing its door for all capital cases, such as petitioner dury [sic] jury selection and pro se petitioner [sic] failure to object does not waive a structural error unknowing of the trial courts [sic] blanket policy of closure.

II. Petitioner was deprived of his Sixth Amendment right to counsel during a critical stage of the proceedings and did not knowingly and intelligently waive his rights when the trial judge misadvised petitioner at the initial *Faretta* waiver proceedings in violation of Mich. Ct. R. 6.005(D)(1) and *People v. Anderson.*

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A. Claim # 1. Right to a Public Trial.**

Petitioner first contends that his Sixth Amendment right to a public trial was violated when the courtroom was closed to the public during voir dire.

Respondent contends that petitioner's public trial claim is waived because the petitioner failed to object to the closure of the courtroom for the jury selection process. Petitioner argues that his closed courtroom claim cannot be waived because it is a structural error. Alternatively, petitioner argues that the claim was not waived because he did not personally waive the right to a public trial with respect to the jury selection process.

3

Although the right to a public trial is a fundamental right, it can also be waived if a habeas petitioner either acquiesces to the closure of the courtroom or fails to object. *See Johnson v. Sherry*, 586 F. 3d 439, 444 (6th Cir. 2009)(citing *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991))("[T]he Sixth Amendment right to a trial that is 'public,' provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed.")(collecting cases); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991)(citing *Levine v. United States*, 362 U.S. 610, 619 (1960)).

The fact that the denial of the right to a public trial is a structural error does not mean than the claim cannot be waived by the petitioner's failure to object. Although structural errors are presumed to be prejudicial and thus not subject to harmless error review, such errors are nevertheless subject to the general rules of waiver, forfeiture, and default. *See Johnson v. United States*, 520 U.S. 461, 466 (1997)(waived or forfeited structural error subject to plain error review under Fed. R.Crim. P. 52(b)). *See also United States v. Suescun*, 237 F.3d 1284, 1288, n. 12 (11th Cir. 2001)("Structural defects do not absolve a defendant's waiver of a defense or objection."). Petitioner's public trial claim is waived.

In the alternative, petitioner's public trial claim is procedurally defaulted because the Michigan Court of Appeals determined that petitioner's public trial claim was unpreserved due to the petitioner's failure to object to the closure of the courtroom at trial and was thus subject to plain error review. *Knuckles,* No. 2010 WL 5093341 at * 8.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the

default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Michigan Court of Appeals concluded that petitioner's public trial claim was unpreserved because of his failure to object and reviewed the claim for plain error. The fact that the Michigan Court of Appeals engaged in plain error review of the petitioner's public trial claim does not constitute a waiver of the state procedural default. *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001). Moreover, the fact that petitioner's public trial claim involves a structural error does not absolve him of the need to establish cause and actual prejudice to excuse the default. *See Ambrose v. Booker*, 684 F. 3d 638, 650-51 (6th Cir. 2012). Petitioner's public trial claim is procedurally defaulted.

Petitioner has offered no reasons for his failure to object to the alleged closure of

5

the courtroom during voir dire. Although ineffective assistance of counsel may be cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner never presented an ineffective assistance of counsel claim to the Michigan appellate courts as part of his direct appeal. Moreover, petitioner represented himself at trial. A criminal defendant who "has waived his right to counsel ... cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel." *United States v. Smith*, 907 F.2d 42, 45 (6th Cir.1990); *see also Gall v. Parker*, 231 F.3d 265, 320 (6th Cir. 2000) (holding that petitioner had no ineffective assistance claim where he chose to represent himself), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n. 3 (6th Cir.2003). Petitioner cannot raise a claim of ineffectiveness with respect to his own performance at trial; therefore, he cannot use such a claim as cause to excuse his procedural default. *See Cook v. Schriro*, 538 F. 3d 1000, 1029 (9th Cir. 2008). Being that petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, petitioner's claim is procedurally defaulted. *Pearl v. Cason*, 219 F. Supp. 2d 820, 828 (E.D. Mich. 2002).

> **B. Claim # 2. Denial of right to counsel at critical stage of the proceedings and lack of a knowingly and intelligent waiver.**

Petitioner next claims that he did not knowingly and intelligently waive his right to

counsel.[1]

The Michigan Court of Appeals rejected petitioner's claim:

Defendant argues that he did not validly waive his right to counsel because the trial court failed to inform defendant of the sentence enhancements he might face if he was convicted of unlawful imprisonment as a fourth habitual offender, the mandatory minimum sentence for felony-firearm (until the first day of trial), and his right to counsel at the pretrial hearings on October 9, 2008, October 16, 2008, and October 20, 2008. We conclude that the trial court did not substantially comply with the requirements of MCR 6.005(D)(1) by informing defendant of the maximum penalty he faced if convicted of unlawful imprisonment and, as a result, defendant did not knowingly, intelligently and voluntarily waive his right to counsel.

In the hearing on July 31, 2008, and, on the first day of trial on October 22, 2008, the trial court informed defendant of all of the charges brought against him. It indicated to defendant that he faced a potential life sentence if he were to be convicted of all of the charges brought against him. However, on the first day of trial, with regard to unlawful imprisonment, the trial court informed defendant that if convicted he faced "a maximum period of incarceration of fifteen years imprisonment." The trial court failed to inform defendant that he faced sentence enhancements as a result of being a fourth habitual offender. In reality, defendant faced a maximum term of life imprisonment as a fourth habitual offender, MCL 750.349b(2); MCL 769.12(a), and was sentenced to 15 to 30 years' imprisonment for his unlawful imprisonment conviction. The trial court did inform defendant that he faced a maximum term of life imprisonment for the charge of kidnaping, but defendant was acquitted of kidnaping. As a result, the trial court failed to substantially comply with MCR 6.005(D)(1) with regard to the unlawful imprisonment conviction.

Concerning the mandatory minimum, the trial court did inform defendant that he faced a mandatory two-year period of imprisonment if convicted of

---

[1] Respondent claims that petitioner's claim is procedurally defaulted because petitioner failed to object to the inadequate waiver of his right to counsel at trial and the Michigan Court of Appeals relied on this failure to object to reject petitioner's claim. Although the Michigan Court of Appeals procedurally defaulted petitioner's claim, there is no indication that the Michigan courts require that a denial of counsel claim be preserved by a timely objection. "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 131 S. Ct. 1120, 1127-28 (2011)(internal quotation omitted). The Michigan Supreme Court has indicated that a criminal defendant need not affirmatively invoke his or her right to counsel to preserve it for appellate review. *See People v. Vaughn,* 491 Mich. 642, 657, 821 N.W. 2d 288 (2012)(internal citations omitted). Because the Michigan courts have not regularly followed a rule of requiring criminal defendants to object in order to preserve a denial of counsel claim, the Court declines to procedurally default this claim.

> felony-firearm. Although the trial court failed to inform defendant of his right to counsel at all of the pretrial hearings, defendant forfeited any challenge to those by failing to raise the issue because he has failed to show how that affected the outcome of the case.
>
> Even though the trial court erred in failing to inform defendant of the maximum penalty he faced if convicted of unlawful imprisonment, we conclude that defendant is not entitled to a new trial. Defendant has not shown whether knowing he faced sentence enhancements would have caused him not to represent himself and would have altered the outcome of the proceedings. In fact, based on the statements by the prosecutor on October 9, 2008, regarding the plea deal, it appears that defendant was aware that he faced sentence enhancements, even if the trial court failed to inform him. In addition, defendant knew that he faced a potential sentence of life imprisonment if convicted of all of the charges brought against him: he indicated on more than one occasion that he was aware that he was charged with serious crimes, but he was waiving his right to counsel. Moreover, defendant ably represented himself at trial. His self-representation resulted in acquittal of seven of the charges brought against him. Although the trial court erred, the error did not affect the outcome of the proceedings or deny defendant a fair trial.

*Knuckles*, 2010 WL 5093341, at *1-3 (internal citations omitted).

The United States Supreme Court has held that a waiver of the Sixth Amendment right to counsel is valid only when it reflects "an intentional relinquishment or abandonment of a known right or privilege." *Patterson v. Illinois*, 487 U.S. 285, 292 (1988)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A defendant's waiver of his right to counsel must "be knowing, voluntary, and intelligent." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). The waiver must be "done with sufficient awareness of the relevant circumstances." *Id.* at 81 (internal quotation marks omitted). It is the criminal defendant's burden to prove that he or she "did not competently and intelligently waive" his or her right to the assistance of counsel. *Id.* at 92.

Before a criminal defendant waives his or her right to counsel, he or she "should be made aware of the dangers and disadvantages of self-representation," so that the

record establishes that the defendant knows what he or she "'is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975)(quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). The Supreme Court, however, has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Tovar*, 541 U.S. at 88. The information that a criminal defendant must have in order to make an intelligent election "will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id*. The failure of a district court in a federal criminal case to give a particular prophylactic warning and conduct a particular inquiry in determining whether a defendant should be permitted to waive his or her right to counsel does not in and of itself require reversal of a conviction. *See U.S. v. McDowell*, 814 F. 2d 245, 248-49 (6th Cir. 1987). There is thus no clearly established federal law, as determined by the Supreme Court, which requires any specific colloquy to determine whether a defendant's waiver of counsel was made with "eyes open." *Mack v. Holt*, 62 Fed. Appx. 577, 580 (6th Cir. 2003); *See also Sullivan v. Pitcher*, 82 Fed. Appx. 162, 165 (6th Cir. 2003)(a formal inquiry into a defendant's desire to proceed pro se "is not a sine qua non of constitutional waiver").

      Weeks before the trial, counsel informed the trial court that petitioner wished to represent himself at trial. (7/31/08, Mot. Hrg. Tr. p. 3). The trial court then engaged in a conversation with petitioner about his educational background, desire and ability to represent himself at trial and whether he grasped the seriousness of his decision to forego counsel. The court warned petitioner about the seriousness of the charges, including the fact that the charge of kidnaping carried the possibility of a life sentence. (*Id.,* pp. 5-6).

9

The judge questioned petitioner about his unfamiliarity "with nuances of evidence, law, and presentation of evidence." Although petitioner admitted that he lacked knowledge in these areas, he informed the judge that he felt no one in the courtroom could represent him better than himself. The trial court verified that no one had threatened him into making the decision and asked him if he waived counsel "freely, voluntarily, and understandingly[.]" Petitioner replied "Yes" and stated that he had discussed his decision with his trial counsel. (*Id.,* p. 8). The judge determined that petitioner was an "intelligent person, although not receiving a very high formal education[]" and seemed to have "gained an understanding of how and with what discourse [he is] to handle [him]self during the course of the trial." (*Id.,* p. 9).

On the first day of trial, the judge again discussed the serious nature of the charges and the length of his possible prison sentence if petitioner was convicted. The judge informed petitioner that the kidnaping charge carried a maximum sentence of life, extortion carried a maximum sentence of 20 years, unlawful imprisonment carried a maximum sentence of 15 years, placing explosives near property carried a maximum sentence of 15 years, felony firearm carried a mandatory minimum of two years and so on through the remainder of the charges. Petitioner stated that he understood each charge and the sentence he could face. (Tr. 10/22/08, pp. 5-10).

Petitioner's primary claim is that his waiver was invalid because he was never informed by the judge of the sentence enhancements that he faced as a fourth felony habitual offender, which increased the maximum sentence on the unlawful imprisonment charge to life in prison.

In *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948), a plurality of four Supreme Court

10

justices suggested that a trial judge before accepting a waiver of the right to counsel from a defendant should make a "penetrating and comprehensive examination of all the circumstances" surrounding the waiver of counsel, investigating the defendant's apprehension of the nature of the charges, the statutory offenses, the range of allowable punishments, possible defenses, and all other facts "essential to a broad understanding of the whole matter." Although the Sixth Circuit has approvingly cited *Von Moltke' s* guidelines, *See Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001), no Supreme Court majority in any case has adopted these as constitutional requirements. *See Beatty v. Caruso*, 64 Fed. Appx. 945, 950, n. 5 (6th Cir. 2003). As mentioned above, the failure of a district court in a federal criminal case to give a particular prophylactic warning and to conduct a specific inquiry before accepting a waiver of counsel does not in and of itself require reversal of a conviction. *McDowell*, 814 F. 2d at 248-49. In addition, the Supreme Court has yet to define the phrase "range of allowable punishments." *Akins v. Easterling*, 648 F. 3d 380, 399 (6th Cir. 2011). Because there is no clearly established law that requires a court to specifically advise petitioner of the penalties for the charged crimes before obtaining a waiver of counsel, the trial judge's failure to warn petitioner that he faced a possible life sentence if convicted of unlawful imprisonment and being a fourth felony habitual offender would not entitle him to relief.

Petitioner is not entitled to habeas relief on his claim for several additional reasons. First, petitioner has made no showing that he was unaware of the possibility of a life sentence if he was convicted of unlawful imprisonment and being a fourth felony habitual offender before he waived his right to counsel. *Akins*, 648 F. 3d at 399; *See Tovar*, 541 U.S. at 92 ("[W]e note that [the defendant] has never claimed that he did not fully

11

understand the charge or the range of punishment for the crime prior to pleading guilty."). Moreover, although petitioner was not advised during the July 31, 2008, hearing that he faced a mandatory consecutive two year sentence if convicted of felony-firearm, petitioner has also failed to show that he was unaware of the penalties for this charge.

Secondly, although the judge never specifically advised petitioner that he faced a possible life sentence if convicted as an habitual offender on the unlawful imprisonment charge, the judge several times advised petitioner that he was facing a possible life sentence if convicted after trial. Although the judge did not advise petitioner of the penalties for all of the counts at the motion hearing on July 31, 2008, petitioner's waiver was valid in light of the fact that the judge specifically advised petitioner that he faced a possible life sentence if convicted at trial, albeit on the kidnapping charge. *See U.S. v. Kerr*, 50 Fed. Appx. 230, 236-37 (6th Cir. 2002)(Defendant's waiver of his right to counsel was knowing and voluntary, even though prosecutor read charges and penalties, judge did not describe all charges or give penalties for all counts, and there was no discussion of possible defenses; judge specifically instructed defendant on what he needed to do to file motions or briefs with court, judge made clear that she would not be able to advise him on how to try his case, and judge made seriousness of charges clear by asking defendant if he understood that if found guilty he might receive mandatory life sentence).

Thirdly, at the hearing on October 9, 2008, a plea offer was made to petitioner. The prosecutor discussed the possible sentencing enhancement on the record. The prosecutor indicated that she offered petitioner "twenty three plus two (23 + 2), which is twenty-five (25) years on any of the *life offenses,* plus the felony firearm in the case." Petitioner had rejected that offer. The prosecutor indicated that she was now willing to

12

offer petitioner fifteen years plus two years if he pleaded guilty. The prosecutor indicated that without the fourth felony habitual offender enhancement, petitioner faced 14 years, 3 months to 23 years, 9 months for the minimum sentence under the sentencing guidelines, but that with the fourth felony habitual offender enhancement, petitioner's minimum sentence range would be 14 years, 3 months to 47 years, six months. The prosecutor indicated that she offered petitioner the deal of fifteen plus two years with or without the fourth habitual offender charge, but petitioner did not want to plead guilty. (Tr. 10/9/08, pp. 69-72)(emphasis added). A specific warning on the record of the dangers and disadvantages of self-representation is not an absolute necessity in every case if the record shows that the defendant had the requisite knowledge from other sources. *See United States v. McDowell*, 814 F. 2d at 248. The prosecutor's comments at the plea hearing clearly advised petitioner that he had been charged with being a fourth felony habitual offender and that he faced more than one life offense if convicted.

  Finally, as the Michigan Court of Appeals indicated in rejecting petitioner's appeal, petitioner has not shown that he would not have waived his right to counsel had he known that he faced a possible life sentence if convicted for unlawful imprisonment and being an habitual offender. Although petitioner was not informed on July 31, 2008, that he faced a mandatory two year sentence for felony-firearm, he was informed of the penalties for that charge at the October 9, 2008, motion hearing and again by the judge on the first day of trial. In any event, petitioner has not shown that he would not have waived his right to counsel but for his alleged lack of knowledge about the two year penalty for the felony-firearm charge. A habeas petitioner's mere speculation that he might not have waived his right to counsel is insufficient to meet the burden of showing that his or her waiver of

13

counsel was not knowing and voluntary. *Akins*, 648 F. 3d at 399.

Petitioner lastly contends that the trial judge failed to obtain a waiver of counsel from petitioner before any of his pre-trial hearings that were conducted after his initial waiver of counsel on July 31, 2008.

This Court determines, for the reasons stated above, that petitioner knowingly and intelligently waived his right to counsel at his motion hearing on July 31, 2008. A valid waiver of counsel "remains in effect at subsequent proceedings in the absence of an explicit revocation by the defendant or a change of circumstances that would suggest that the [trial] court should make a renewed inquiry of the defendant." *United States v. McBride*, 362 F. 3d 360, 367 (6th Cir. 2004); *See also United States v. Modena*, 302 F. 3d 626, 630-31 (6th Cir. 2002)(federal district court judge was not required to reevaluate magistrate judge's acceptance of defendant's waiver of counsel due to fact that defendant later requested counsel, then reasserted his desire to proceed pro se). Because there is no indication that petitioner ever revoked his earlier waiver or requested representation, it was unnecessary for the judge to obtain a waiver of counsel from petitioner at any of his subsequent hearings. Petitioner is not entitled to relief on this claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement

to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. Order

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

15

corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                              s/ Nancy G. Edmunds  
                                              **HON. NANCY G. EDMUNDS**  
                                              UNITED STATES DISTRICT COURT

DATED:<u>November 13, 2014</u>